**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EFRAIN MORA BASULTO,<br><br>                    Petitioner,<br><br>          v.<br><br>WARDEN OF MESA VERDE<br>DETENTION CENTER, *et al.*,<br><br>                    Respondents. | Case No. 1:26-cv-01735 JLT CDB (HC)<br><br>ORDER ADOPTING FINDINGS AND<br>RECOMMENDATIONS TO GRANT<br>PETITION FOR WRIT OF HABEAS CORPUS<br>(A-Number 215 563 510)<br><br>(Doc. 10)<br><br><u>Clerk of the Court to Serve Order on Facility</u> |

Efrain Mora Basulto, a federal immigration detainee, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on March 3, 2026, while in custody of the Immigration and Customs Enforcement at the Mesa Verde Detention Center. (Doc. 1.) On April 29, 2026, the magistrate judge issued findings and recommendations to grant the petition and recommended Petitioner be released immediately. (Doc. 10.) The Court served the findings and recommendations on the parties and notified them that any objections were to be filed within seven days of service. (*Id.* at 20-21.) Respondents did not file any objections and the time to do so has expired. Petitioner filed a document on May 8, 2026, titled "Request for Entry of Default" in which he states that Respondents have failed to file objections and requests the Court enter default judgment and adopt the findings and recommendations. (Doc. 13.)

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a de novo review of this case. Having carefully reviewed the matter, the Court concludes that the findings and recommendations

are supported by the record and proper analysis. Accordingly, the Court **ORDERS**:

1. The findings and recommendations (Doc. 10) issued on April 29, 2026, are **ADOPTED** in full.

2. The petition for writ of habeas corpus (Doc. 1) is **GRANTED**.

3. Respondents' motion to dismiss (Doc. 7) is **DENIED**.

4. Respondents are **ORDERED** to release Petitioner immediately.

5. Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven (7) days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified.[1]

6. The Clerk of the Court is **DIRECTED** to serve a copy of this order to the Mesa Verde ICE Processing Center (A-Number 215 563 510).

IT IS SO ORDERED.

Dated:    **May 13, 2026**

_____
UNITED STATES DISTRICT JUDGE

---

[1] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here, SHALL be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondents SHALL provide a bond hearing in the timeframe required by law.

2